GkeeN, J.
delivered the opinion of the court.
This is an action of ejectment. On the trial below, plaintiffs offered in evidence as part of their chain of title, a deed of confirmation from David C. Jones, confirming the acts of Richard R. Jones, as attorney in fact for said David C. Jones, together with the power of attorney to said Richard R. Jones. To the reading of said deed, the defendants objected, and the court refused to permit them to be read.
1. It is insisted that this deed was properly rejected, because it is dated after the commencement of this suit. We do not think, that the time of the execution of the deed is material. The power of attorney to Richard R. Jones, (whose acts under that power are confirmed by this deed,) is dated anterior to the commencement of the suit; andas this deed of confirmation does not purport to convey *413 any thing, if the deeds confirmed were executed and properly proved and registered before the suit was commenced, they would pass the title by force of this confirmation, and vest it in the bar» gainee from their date. The deed of confirmation makes the acts of the attorney good at the date they were performed.
9. Objection is taken to the probate of this deed, because the witnesses do not say that David C. Jones, who executed this deed of confirmation is the very identical David C. Jones who executed the power of attorney to Richard R. Jones. This is certainly no part of the proof that witnesses to a deed are called upon to make. How, for instance, could the witnesses to a deed know whether the bargainer was the identical grantee to whom the land, he sells, was granted? All the identity that it is necessary for them to prove, is, that the person who acknowledges the deed before them, was the individual whose name was subscribed to the paper, the execution of which they witnessed, and were in the act of proving. This, they did prove. They say, that a man in Amelia county, Virginia, called and known as David C. Jones, executed the deed of confirmation.
3. It is insisted that the power of attorney should not have been received, because the probate thereof is defective. But the deed of confirmation recites this paper, and confirms the acts which had been done by virtue of the power it purports to confer. It is necessary it should be read, in order that it might be seen what acts Richard R. Jones was authorised to perform, and consequently, whether the deed executed by Richard R. Jones, was made in pursuance of the power, and was confirmed by the deed of the 7th of February, 1831. It was on account of the defect in the probate of the power of attorney, that the deed of confirmation became necessary. This deed of confirmation, therefore, was improperly rejected, and the judgment must be reversed and the cause remanded for another trial.